**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4180**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

KHALEEL ALI HILLIARD,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:06-cr-00156-NCT-1)

Submitted:  September 28, 2012       Decided:  October 11, 2012

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Khaleel Ali Hilliard pleaded guilty to one count of credit union robbery, in violation of 18 U.S.C. § 2113(a) (2006), pursuant to a written plea agreement. Hilliard was sentenced in 2006. As a result of 28 U.S.C.A. § 2255 (West Supp. 2012) relief, Hilliard was resentenced, however his sentence was vacated on appeal in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Hilliard was re-sentenced on February 2, 2012. After consideration of Simmons, Hilliard no longer qualified as a career offender. However, the court imposed a two-level enhancement for obstruction of justice, which it previously found at the 2006 sentencing, but did not apply because the enhancement was moot due to Hilliard's career offender status. At re-sentencing the court also departed upward one criminal history category. Hilliard received a 150-month sentence. Finding no error, we affirm.

Hilliard argues that the district court improperly applied a two-level enhancement for obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1 (2006) for his attempt at having a witness perjure herself regarding whether he kicked a door in to enter her apartment while fleeing the crime or whether she permitted him inside. He contends that the conversation he had with Government witness William Greene to

persuade Karen White to testify that she permitted Hilliard into the apartment was immaterial to the credit union robbery. In so arguing, he challenges the procedural reasonableness of his sentence. This court reviews a sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range. Id. at 49-51.

The court reviews the district court's "factual findings for clear error and [its] legal conclusions de novo." United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). Properly preserved claims of procedural error are subject to harmless error review. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010).

Under USSG § 3C1.1, "(A) the defendant's offense level may be increased two levels if the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense." Material evidence means "evidence, fact, statement, or information that, if believed, would tend to

3

influence or affect the issue under determination." USSG § 3C1.1 cmt. n.6. "Obstructive conduct that occurred prior to the start of the investigation . . . may be covered by this Guideline if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution" of the offense. USSG § 3C1.1 n.1. The endangerment of innocent bystanders is sufficient to support an enhancement under USSG § 3C1.1 for obstruction of justice. United States v. Hicks, 948 F.2d 877, 884 (4th Cir. 1991).

Hilliard argues that the obstruction of justice in his case is related to a breaking and entering, but not the credit union robbery. He also argues that the conduct would not influence the decision maker. He mainly rests this portion of the argument on the fact that he pleaded guilty on the second day of trial, therefore the obstruction related to attempting to suborn perjury by a witness did not affect a decision maker. The Government argues that Hilliard attempted to suborn perjury and that it was material and relevant to evidence of guilt and Hilliard's initial defense strategy to implicate one of Greene's sons in the robbery.

The district court, while entertaining argument on the enhancement at the first sentencing, found that Greene's testimony that Hilliard asked him to get Ms. White to change her story for trial was more likely true than not and was material

4

to an attempt to escape and related to consciousness of guilt. After reviewing the evidence, we conclude that the court did not err in making these findings, and the enhancement was proper.

Next, Hilliard argues that the district court erred in departing upward for under-represented criminal history. Hilliard argues that the court erred in departing upward for four reasons. First, his criminal history does not substantially under-represent the seriousness of his criminal history or propensity to commit crimes. Second, the types of information identified in the Guideline, such as prior sentences that were not counted, sentences of substantially more than one year, pending charges or sentences on other charges, no reliable information of any prior similar conduct not resulting in a criminal conviction, are not present in Hilliard's case. See USSG § 4A1.3(a)(2)(A)-(E). Third, Hilliard argues that the court made an improper assessment of the seriousness of his criminal history by relying, in part, on characteristics of the current offense and by putting undue weight upon his conviction for pointing a gun at a police officer when he was seventeen years old. Finally, Hilliard argues that, had the 2011 Guidelines been used to calculate his sentence instead of the 2006 Guidelines, the additional two criminal history points for commission of the offense less than two years after release from prison would have been eliminated.

When the district court imposes a departure or variance sentence, this court considers whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range. United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir.) (citing Rita v. United States, 551 U.S. 338, 356 (2007)), cert. denied, 131 S. Ct. 2946 (2011).

A district court may depart upward from the applicable Guidelines range if "reliable information indicates that the defendant's criminal history category substantially under represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s.; see United States v. Whorley, 550 F.3d 326, 341 (4th Cir. 2008) (noting that an under-represented criminal history category is an encouraged basis for departure). To determine whether a departure sentence is appropriate in such circumstances, the Guidelines state that a court may consider prior sentences not used in the criminal history calculation,

6

prior sentences of "substantially more than one year" for independent crimes committed at different times, prior similar misconduct resolved by civil or administrative adjudication, charges pending at the time of the offense, or prior, similar conduct that did not result in a conviction. USSG § 4A1.3(a)(2), p.s.

The Guidelines state factors that may be relied upon in departing upward, but not all of the factors identified need be present. It is sufficient that the criminal history substantially under-represents "the likelihood that the defendant will commit other crimes." USSG § 4A1.3. Here, the district court clearly enumerated its reasons for departing upward. It was heavily influenced by Hilliard's previous crimes of violence, including arrest in 1999 for resisting an officer and then, a year later in 2000, for pointing a revolver directly at a police officer, and selling drugs while armed. The court also cited the violent elements of the credit union robbery and getaway. The court rejected the Government's position that the court should move directly to the career offender category after Simmons struck the crimes that qualified Hilliard for the designation. However, the court determined that a reasonable basis of departure would be one criminal history category to category five.

On appeal, Hilliard essentially challenges the court's evaluation of the evidence and the reasonableness of the inferences drawn from his past criminal conduct. Although Hilliard disagrees with the court's characterization of his past acts, the court did not rely on an improper basis in departing upward. Although the court cited the circumstances of the current crime, there were sufficient reasons given without consideration of the current circumstances and, further, the court discussed it to substantiate its determination that Hilliard lacked respect for the criminal justice system. We conclude that the departure was reasonable given the grounds stated by the court. See Diosdado-Star, 630 F.3d at 365-66 (finding that the method of deviation from the Guidelines range—whether by a departure or by varying—is irrelevant so long as at least one rationale is justified and reasonable).

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aide the decisional process.

AFFIRMED

8